**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM WIANDT,** | ) | **CASE NO. 5:12CR531** |
| | ) | **5:15CV1201** |
| **Petitioner,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Respondent.** | ) | |

The instant matter is before the Court upon Petitioner William Wiandt's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. Doc. 26. The Government has responded to the petition. The petition is DISMISSED

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Additionally, 28 U.S.C. § 2255(f)(1) and (3) provide as follows: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the … date on which the judgment of conviction becomes final [or] the date on which the right asserted was

1

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[1]

## II. LAW AND ARGUMENT

Wiandt's sentence was reduced to a judgment entry on April 8, 2013. Wiandt appealed his sentence and the Sixth Circuit affirmed this Court on December 26, 2013. Wiandt did not seek certiorari within the 90 days following the appellate decision. Accordingly, his conviction became final on March 23, 2014. As such, Wiandt had until March 23, 2015 to file his petition under § 2255(f)(1). Wiandt did not file the instant petition until June 15, 2015, well beyond section (f)(1)'s statute of limitations.

Wiandt also may not rely upon § 2255(f)(3). Within his petition, Wiandt appears to rely upon *Henderson v. United States*, 135 S.Ct. 1780 (2015) to contend that his petition is timely. "However, the Supreme Court has not recognized the rule from [*Henderson*] as a retroactive right, and therefore [it does] not implicate 28 U.S.C. § 2255(f)(3)'s later statute of limitation start date." *Grant v. United States*, No. CR 113-129, 2017 WL 3835600, at \*4 (S.D. Ga. July 31, 2017), report and recommendation adopted, No. CR 113-129, 2017 WL 3726482 (S.D. Ga. Aug. 29, 2017). Accordingly, Wiandt's petition is untimely under any analysis performed by this Court.

Moreover, Wiandt's two claims would also fail upon a proper merits review. In his first claim, Wiandt contends that he received ineffective assistance of counsel by virtue of counsel not prosecuting his appeal. Wiandt's is mistaken. Both this Court's docket and the public docket of the Sixth Circuit reflect that his appeal was fully litigated and decided on its merits on December 26, 2013. Accordingly, Wiandt's claim for ineffective assistance of counsel would fail as a matter of law.

---

[1] The remaining dates contained in subsections (2) and (4) are inapplicable herein.

Second, Wiandt's reliance on *Henderson* is also misplaced. *Henderson* dealt with the proper standard to utilize for a district court to determine the propriety of a convicted felon's motion to transfer his existing firearms. The Court held that "a court facing a motion like Henderson's may approve the transfer of guns consistently with § 922(g) if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." *Henderson*, 135 S.Ct. at 1786. Contrary to Wiandt's contention, *Henderson* did not find that convicted felons could actively traffic in firearms without violating federal law. In Wiandt's case, he acted as the middleman to put a buyer and seller of firearms together. Wiandt helped load the firearms into the buyer's home from the seller's car. As such, Wiandt satisfied one of the prohibitions contained in 18 U.S.C. § 922(g), i.e., "one of the proverbial sticks in the bundle of property rights—by preventing the felon from knowingly possessing his (or another person's) guns. *Id.* at 1784. As such, his final claim also fails on its merits.

## III. CONCLUSION

For the foregoing reasons, Wiandt's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DISMISSED.** Doc. 26.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: October 5, 2017 /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**